IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION A/K/A FANNIE MAE
      Plaintiff,

                            CASE NO: 3:13-CV-0367-N-BK

v.

BARBARA F. LOVING AND ALL
OCCUPANTS OF 210
WILLOWBROOK DR.,
DUNCANVILLE, TX 75116
      Defendant(s).

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Plaintiff's *Motion to Remand* (Doc. 8) and Defendants' *Motion to Dismiss* (Doc. 9).  For the reasons that follow, the undersigned recommends that Plaintiff's *Motion to Remand*  (Doc. 8) be **GRANTED**, and Defendants' *Motion to Dismiss* (Doc. 9) be **DENIED**.

A.      **Background**

In December 2010, Plaintiff filed an original petition for forcible detainer against Defendants in Justice of the Peace Court in Dallas County, Texas.  (Doc. 8-3).  In January 2011, upon Defendants' default, a judgment for possession of Defendants' home was granted in Plaintiff's favor.  (Doc. 8-5).  Following the judgment, Defendants appealed to County Court at Law No. 3, Dallas County.  (Doc. 8-6).  In August 2012, Plaintiff was granted judgment for possession of the property.  (Doc. 8-8).

Defendants filed their removal petition in January 2013, contending that Plaintiff's actions in foreclosing on their home violated their right to due process, thereby supporting

federal question jurisdiction. (Doc. 3 at 2). To support diversity jurisdiction, they maintain that

they are citizens of Texas, Plaintiff is a citizen of Washington, D.C., and the subject real property

exceeds the required $75,000.00 amount in controversy. *Id.*

**B.     Motion to Remand**

In February 2013, Plaintiff filed the instant *Motion to Remand* the case to state court,

arguing that Defendants untimely filed their *Notice of Removal*. (Doc. 8-1 at 8-10). Plaintiff

additionally argues that because Defendant is a citizen of Texas, the state in which this action

was brought, they cannot remove the case to federal court on diversity grounds. *Id.* at 12.

Finally, Plaintiff contends that this Court's federal question jurisdiction cannot be invoked

merely by Defendants' reference to federal questions in their petition for removal. *Id.* at 10.

Plaintiff also seeks $2,000.00 in attorneys' fees based on Defendants' wrongful removal of the

case from state court. *Id.* at 15.

Defendants object and move to dismiss Plaintiff's *Motion to Remand*, reiterating their

arguments in support of federal question and diversity jurisdiction. (Doc. 9 at 2-6). They also

challenge the state court's jurisdiction to determine the forcible detainer action filed against

them. *Id.* at 3-4.

A defendant must file a notice of removal within 30 days after receiving a copy of the

state court petition or service of the summons, whichever period is shorter. 28 U.S.C.

§ 1446(b)(1). Once a case is removed to federal court, a plaintiff may move to remand the case

to state court within 30 days. 28 U.S.C. § 1447(c). Plaintiff has timely moved to remand this

case. (Doc. 3; Doc. 8). As Plaintiff argues, Defendants' *Notice of Removal* was clearly untimely

because they filed it in January 2013, more than two years after Plaintiff filed its underlying state

court petition.

Even if the removal notice had been timely filed, federal court jurisdiction is unsupported in this case. A federal district court has original jurisdiction of all civil actions (1) arising under the Constitution, laws, or treaties of the United States; and (2) where the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332(a). In terms of federal question jurisdiction, a private party cannot be sued for purported constitutional violations no matter how wrongful the conduct is alleged to be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Thus, Defendants' claim that Plaintiff violated their due process rights cannot support federal jurisdiction.

In terms of diversity jurisdiction, a suit originally filed in state court is removable to federal court as long as the defendant is not a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). In this case, Defendants admit in the removal notice that they are citizens of Texas. (Doc. 3 at 2). Because they removed this case to a district court sitting in Texas, removal was improper under section 1441(b).

Finally, this Court has no jurisdiction to address Defendants' complaint that the state court lacked jurisdiction over the forcible detainer action filed against them. Defendants' remedy, if they were unsatisfied with the result of that proceeding, was to file an appeal in the appropriate state court.

**C.     Attorneys' Fees**

The Court may require a defendant to pay a plaintiff's costs, actual expenses, and attorneys' fees incurred as a result of the wrongful removal of a case from state court to federal

court.  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal.").  While there

is no "automatic entitlement to an award of attorney's fees," an award is appropriate if

Defendants had no objectively reasonable grounds to believe that the removal was legally proper.

*Valdes v. Wal- Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).

In this case, Defendants had no reason to believe that removing this case from state court

to federal court was legally proper.  In fact, Defendant Loving, who appears to be the only true

plaintiff in interest, previously removed this very case to federal court where it was dismissed for

lack of jurisdiction.  *See Fannie Mae v. Loving*, 11-CV-464-L-BF, Doc. 2; Doc. 12 at 7.  In that

case, the district judge declined to impose an award of attorneys' fees against Defendant Loving

because, while the case should not have been removed, she was proceeding *pro se* and *in forma*

*pauperis*.  *Id.*, Doc. 12 at 8.  However, Defendant Loving, having been put on notice by the

judge's ruling in that matter that her forcible detainer action could not be removed, nevertheless

removed the identical case again.  As a result, the undersigned finds that an award of $2,000.00

in attorneys' fees against her is appropriate.  *Valdes*, 199 F.3d at 292-93.

**D.    Conclusion**

For the reasons set forth above, Plaintiff's *Motion to Remand* (Doc. 8) should be

**GRANTED**, and Defendants' *Motion to Dismiss* (Doc. 9) should be **DENIED**.  An award of

attorneys' fees in this case should be rendered in favor of Plaintiff in the requested amount of

$2,000.00.  This case should be remanded to County Court at Law No. 3 under Cause

CC-11-01014-C.

**SO RECOMMENDED** on June 24, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5